IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JUSTIN DALCOLLO, Y51682, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| OFFICER BORJA, | ) | Case No. 26-cv-28-DWD |
| MW, | ) | |
| HOWELL, | ) | |
| RIDDINGS, | ) | |
| JOHN DOE, | ) | |
| ANTHONY WILLS, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Justin Dalcollo, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center (Menard), brings this civil rights action for alleged deprivations of his constitutional rights. (Docs. 1, 4). About a week after filing the Complaint, Plaintiff applied to proceed *in forma pauperis* (IFP). (Doc. 7). He also filed two motions for preliminary injunctive relief. (Docs. 8, 9). According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment without payment of a fee (or as a pauper) "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff did not use the Court's standard civil rights template form, which would have called for him to provide information about his litigation history. However, within the body of his complaints (Docs. 1, 4) he discusses prior lawsuits. Additionally, he used the Court's standard in forma pauperis application, which directly asks if an inmate has three strikes, and he left that query blank. (Doc. 7 at 1).

Court documents are public records, and the Court can take judicial notice of them. *Hensen v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). To better understand Plaintiff's litigation history, the Court reviewed publicly available records. As recently as November 17, 2025, a District Judge in the Central District of Illinois reminded Plaintiff that he had previously accumulated three strikes and could not proceed without paying the $405 filing fee or credibly establishing imminent danger. *Dalcollo v. Martija, et al.*, Case No. 25-cv-1365 (C.D. Ill. Nov. 17, 2025, Order). In the written order, the Court listed the following strikes: *Dalcollo v. Walsh, et al.*, Case No. 22-cv-2721 (N.D. Ill. Aug. 23, 2022) (case dismissed for failure to state a claim); *Dalcollo v. Warden, et al.*, Case No. 23-cv-828 (S.D. Ill. May 17, 2023) (case dismissed for failure to state a claim); *Dalcollo v. Wills, et al.*, Case No. 23-2348 (7th Cir. Feb. 20, 2024) (dismissal affirmed, strike assessed under § 1915(g)).

Plaintiff's impact on the federal courts in the last four years has been significantly greater than four or five dismissed suits. In fact, in the last four years Plaintiff has managed to file fifteen civil actions in district courts within Illinois, Ohio, the District of

Columbia, and Kentucky.[1] He has also pursued five appeals to the Seventh Circuit.[2] Not a single one of the 18 actions[3] that have received final judicial action have proven to be meritorious in any respect. The actions have been dismissed for failure to state a claim, as frivolous, for Plaintiff's failure to follow Court orders, and for his failure to pay the assessed filing fees. In multiple instances, Plaintiff has pursued preliminary injunctive relief vigorously, which commands significant judicial resources.[4] In addition to this

---

[1] *Dalcollo v. Sullivan*, Case No. 25-cv-1154 (C.D. Ill. June 4, 2025) (dismissed because Plaintiff did not establish imminent danger and failed to pay the $405 filing fee); *Dalcollo v. Noland*, Case No. 25-cv-3182 (C.D. Ill. July 23, 2025) (dismissed after Plaintiff failed to pay $405 or apply for in forma pauperis status); *Dalcollo v. Martija, et al.*, Case No. 25-cv-1365 (C.D. Ill. Dec. 12, 2025) (dismissed because Plaintiff did not establish imminent danger and failed to pay the $405 filing fee, additionally two motions for preliminary injunctive relief were denied); *Dalcollo v. Walsh, et al.*, Case No. 22-cv-2721 (N.D. Ill. Aug. 23, 2022) (case dismissed with prejudice for failure to state a claim and as frivolous, strike assessed); *Dalcollo v. Walsh*, Case No. 22-cv-3556 (N.D. Ill. Aug. 23, 2022) (administratively closed as duplicative of Case No. 22-cv-2721); *Dalcollo v. Warden, et al.*, Case No. 23-cv-828 (S.D. Ill. May 17, 2023) (dismissed with prejudice for failure to state a claim, strike assessed); *Dalcollo v. Brookhart, et al.*, Case No. 24-cv-358 (S.D. Ill. Aug. 22, 2024) (dismissed for failure to follow court orders after Plaintiff repeatedly disregarded the Court's orders and failed to file a timely third amended complaint); *Dalcollo v. Brookhart, et al.*, Case No. 24-cv-1265 (S.D. Ill. June 25, 2024) (voluntarily dismissed after Plaintiff was denied in forma pauperis status and was directed to pay the $405 filing fee); *Dalcollo v. O'Brien, et al.*, Case No. 25-cv-614 (S.D. Ohio) (case was filed on June 2, 2025 and has not yet received any ruling); *Dalcollo v. Flores, et al.*, Case No. 23-cv-3713 (D.C. D. Ct. Dec. 20, 2023) (case dismissed for failure to state a claim); *Dalcollo v. Churches of Lexington, et al.*, Case No. 25-cv-367 (E.D.K.Y. Oct. 9, 2025) (dismissed with prejudice for numerous defects, the court noted it intended for the dismissal to count as a strike); *Dalcollo v. State of Illinois*, Case No. 21-cv-5129 (N.D. Ill. Mar. 24, 2022) (Section 2241 petition concerning pretrial detention dismissed for Plaintiff's failure to pay a filing fee, to file an amended petition, or to otherwise follow court orders); *Dalcollo v. Truitt, et al.*, Case No. 22-cv-3003 (N.D. Ill. Oct. 31, 2022) (multi-plaintiff action where Dalcollo was dismissed for failing to comply with court orders); *Dalcollo v. Scaliantine, et al.*, Case No. 22-cv-3019 (N.D. Ill. Nov. 28, 2022) (administratively closed at Plaintiff's request, however the court admonished him that filing duplicate lawsuits is improper and may be deemed frivolous).

[2] *Dalcollo v. Wills, et al.*, Case No. 23-2199 (7th Cir. Oct. 19, 2023) (dismissed for failure to pay the appellate filing fee); *Dalcollo v. Wills, et al.*, Case No. 23-2238 (7th Cir. July 11, 2023) (administratively closed because Plaintiff lodged more than one appeal attacking a single judgment from Case No. 23-cv-828); *Dalcollo v. Wills, et al.*, Case No. 23-2348 (7th Cir. Feb. 20, 2024) (affirming dismissal of the case for failure to state a claim and as frivolous and assessing a strike); *Dalcollo v. Brookhart, et al.*, Case No. 25-1479 (7th Cir. Sept. 5, 2025) (finding no imminent danger and dismissing the appeal for failure to pay the full appellate filing fee); *Dalcollo v. Sullivan, et al.*, Case No. 25-2105 (7th Cir. Oct. 23, 2025) (appeal dismissed because Plaintiff failed to apply for in forma pauperis or pay the filing fee).

[3] The present action has not yet received final judicial action, and the case in the Southern District of Ohio is still awaiting review.

[4] *See e.g., Dalcollo v. Warden*, Case No. 23-cv-828 (S.D. Ill.) (a request for emergency injunctive relief embedded in the complaint was denied, and Plaintiff subsequently filed two additional motions for

litigation history, in the last few months Plaintiff has also begun to seek intervenor status in other random lawsuits in this District.[5] Thus, the Court considers the present action against this backdrop.

Upon a review of all the available information, the Court finds that Plaintiff was "struck out" at the time he initiated this lawsuit. In his application to proceed in forma pauperis, he did not check the box acknowledging three prior strikes, though he did state he sought to proceed under the imminent danger exception to § 1915(g). (Doc. 7 at 1). Because Plaintiff has accumulated at least 3 strikes for purposes of § 1915(g), he may not proceed IFP in this or any other pending case in federal court unless he is in imminent danger of serious physical injury.

The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.* The imminent danger exception to § 1915(g)'s "three strikes" rule is available for genuine emergencies, where time is pressing, the threat is "real and proximate, and when the potential consequence is 'serious physical injury'...." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Additionally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or

---

preliminary or emergency relief); *Dalcollo v. Brookhart, et al.*, 24-cv-328 (S.D. Ill.) (plaintiff filed three motions for preliminary injunctive relief); *Dalcollo v. Martija, et al.*, Case No. 25-cv-1365 (C.D. Ill.) (plaintiff filed two motions for preliminary injunctive relief).
[5] *See e.g., Rose v. Light, et al.*, Case No. 23-cv-1027 (S.D. Ill. Nov. 20, 2025) (Doc. 120); *Weston v. Baldwin, et al.*, Case No. 19-cv-1020 (S.D. Ill. Jan. 7, 2026) (Doc. 190); *Jones v. Hall*, Case No. 25-cv-2017 (S.D. Ill. Jan. 6, 2026) (Doc. 19).

ridiculous." *Ciarpaglini*, 352 F.3d at 331 (*citing Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).

The Court looks to the allegations set forth in the original complaint when determining whether plaintiff faced imminent danger of serious physical injury. *See Ciarpaglini*, 352 F.3d at 330. Plaintiff has already submitted two complaints, an original (Doc. 1) and an amended complaint (Doc. 4). Each pleading is well over 100-pages in length. All litigants are allowed one amendment as a matter of course under Federal Rule of Civil Procedure 15(a) without needing to seek leave to amend, and amended pleadings completely replace earlier pleadings. Here, the Court considers Plaintiff's Amended Complaint (Doc. 4).

Plaintiff's amended complaint is legible, but at times the logic of the pleading is difficult to follow. Plaintiff opens by alleging that Defendant Borja (the only defendant identified in the case caption of the amended complaint) intentionally placed an inmate in his cell with the intent that the inmate would assault him. He claims that Borja conspired with other officers to effectuate the assault, and that when MW gave a command, the inmate assaulted him. (Doc. 4 at 2). He claims the officers' conduct violated various internal prison directives. (Doc. 4 at 2-3). Plaintiff then provides a description of several previous lawsuits dating back to 2022. (Doc. 4 at 4-5). He seems to suggest that he should be allowed to reinstate claims that have been dismissed in previous lawsuits by alleging that they are part of an ongoing violation. (Doc. 4 at 5).

After further describing events from 2019-2022, Plaintiff circles back to recent events and alleges that on December 27, 2025, Defendant Borja and another officer

deliberately placed a dangerous inmate in his cell to attack him. (Doc. 4 at 8). He claims that during the attack he began to experience an asthma attack. He quickly defended himself and grabbed his inhaler. He faults Officer Howell for witnessing the altercation and failing to intervene. (Doc. 4 at 8). Additionally, he alleges that Howell exhibited deliberate indifference by refusing him medical care. He states he sustained a black eye, pain, and abrasions on his left leg. (Doc. 4 at 12).

Plaintiff repeats his earlier assertion that Defendant Borja and others intentionally celled him with an inmate they knew to be violent in an attempt to orchestrate Plaintiff's death. (Doc. 4 at 8-9). He alleges that for several days to two weeks he lived in a state of anxiety and stress related to his housing situation. Plaintiff alleges the attack was part of an ongoing effort to harm him by prisoners or government officials. (Doc. 4 at 10).

Plaintiff adds that on January 9 and 10, 2026, other inmates threated to make him "check in," which he claims is an effort to provoke suicide. (Doc. 4 at 12). Plaintiff explicitly states he will not engage in harmful conduct, but that the situation has caused him emotional distress. He also complains that in segregation inmates are smoking drugs, which exacerbates his asthma. (Doc. 4 at 12). He alleges he should be placed in a non-smoking area. Plaintiff seeks monetary, declaratory, and injunctive relief.

The Amended Complaint is accompanied by roughly 120 pages of seemingly random exhibits. Among the exhibits, Plaintiff included at least an excerpt of a book he claims he has written about his life story. The narrative contains inappropriate and sexually explicit language. (Doc. 4 at 29-58). In addition to the book excerpt, many of the

documents included as exhibits, and some accompanying narratives, appear to be attempts to challenge the validity of Plaintiff's underlying criminal conviction.

Plaintiff's factual allegations and exhibits do not demonstrate that he faces an imminent threat to his safety. At most, he claims that he was assaulted by a fellow inmate some time between December 27, 2025, and January 8, 2026. Though he claims the attack was severe, he describes superficial injuries such as abrasions, a black eye, and pain. He states that in total he lived in fear for a few days to a few weeks. He adds that on January 9 and 10, 2026, fellow inmates tried to entice him to engage in self-harm, but he attests that he would not actually engage in this sort of behavior. Plaintiff suggests the events he describes were preconceived by prison staff and that staff failed to intervene during the altercation or to offer medical assistance after the fact. Whatever merit[6] Plaintiff's allegations may have, they do not demonstrate an ongoing risk of harm, and a past harm is not sufficient to proceed under the imminent danger exception.

Furthermore, Plaintiff's amended complaint attempts to incorporate claims and theories that span many years, and his exhibits also seem to attempt to challenge his

---

[6] Plaintiff's amended complaint fails to state a claim for multiple reasons. First, the sole defendant he properly named in the caption is Defendant Borja. Federal Rule of Civil Procedure 10(a) requires a complaint to name all the parties. As to Defendant Borja, Plaintiff claims that Borja intentionally placed him with a dangerous cellmate, but this is nothing more than speculation and conjecture. Plaintiff insinuates that Borja's actions are part of a multi-year conspiracy amongst government officials and inmates to cause him harm, but this sort of assertion simply is not plausible. As to other individuals, the most specific assertion Plaintiff makes is a claim that he noticed Officer Howell was standing within view of his cell immediately after the altercation. He faults Howell for failing to intervene and for failing to offer medical care. His assertions are insufficient to state a constitutional claim as pled because he says nothing to suggest Howell actually knew a fight was occurring or had a reasonable opportunity to intervene, nor does he claim Howell saw his injuries or that Howell was alerted to his desire for care. Additionally, the injuries he describes are superficial. In sum, even Plaintiff's clearest assertions are insufficient to state a claim.

criminal conviction. This kitchen-sink approach to filing pleadings is unacceptable and further detracts from Plaintiff's ability to establish imminence. "A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). The Seventh Circuit has cautioned that courts should guard against "scattershot" pleading strategies, and that they should "target for dismissal 'omnibus' complaints—often brought by repeat players[7]—that raise claims about unrelated conduct against unrelated defendants." *Mitchell v. Kallas*, 895 F.3d 492, 503 (7th Cir. 2018). The Seventh Circuit has even instructed that complaints wrought with joinder problems may be immediately stricken. *See e.g.*, *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022) (when faced with misjoined claims, a court may strike a pleading and give leave to amend). This information is not new to Plaintiff. In fact, he was warned of these exact parameters on the joinder of unrelated claims in *Dalcollo v. Warden, et al.*, Case No. 23-cv-828 (S.D. Ill.) (Doc. 9 at 2). He was also notified in that same case that he could not challenge his criminal conviction in a § 1983 civil action. *Id.* (Doc. 21 at 3).

Though the factual allegations from pages 1-12 of the complaint are more concise than some of the lawsuits Plaintiff has filed over the years, conciseness does not save him from the fact that his pleading and his conduct in this litigation are largely frivolous. Plaintiff began by filing two pleadings each more than 100-pages in length within a week. He then proceeded to file two motions for preliminary injunctive relief within a week.

---

[7] Plaintiff indicated in his litigation history that he has filed at least seven federal lawsuits as an inmate and has accrued at least one strike. (Doc. 22 at 13).

(Docs. 8, 9). The first motion restates facts from his complaint about his asthma and the attack from his cellmate, though it does not demonstrate any lasting harm. By contrast, the second motion is primarily focused on Plaintiff's assertion that he has been subjected to hate crimes since 2012. Near the end of the motion Plaintiff complains that he has recently been unable to secure adequate writing materials, which he characterizes as a hinderance on his ability to access the Courts. (Doc. 9 at 4-5). This is unrelated to the primary allegations in his complaints, and it also lacks credibility given the many documents he has filed in this case in less than two weeks. Neither motion presents a valid basis for immediate injunctive relief.

Furthermore, Courts possess authority to implement restrictions or filing bans for litigants who become unmanageable or whose litigation efforts needlessly absorb court resources. See *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997), and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). One sanction available for an unruly litigant is the dismissal of their case. See e.g. *Hoskins v. Dart*, 633 F.3d 541 (7th Cir. 2011) (discussing the district court's inherent authority to dismiss a case as a sanction); *Hughes v. Varga*, 2021 WL 3028145 (7th Cir. July 19, 2021) (finding that a court had inherent authority to dismiss a case with prejudice where the inmate litigant willfully abused the judicial process).

The Court finds it appropriate to dismiss the present case as a sanction because Plaintiff did not accurately disclose his three strikes in his in forma pauperis application (Doc. 7), and he has essentially ignored things previous courts have told him about civil litigation. For example, he has been repeatedly informed that to proceed he needs to

establish imminent danger, but in this lawsuit he tries to use the continuing violation theory to incorporate years' worth of old claims. He has also been previously cautioned that he cannot combine numerous theories for relief in a single case, and that he cannot use a § 1983 action to challenge his conviction. Despite many previous warnings, Plaintiff continues to file new cases in federal court that lack merit. The assessment of three strikes, the assessment of numerous filing fees, and the requirement that Plaintiff establish imminent danger have not deterred Plaintiff from continuing to litigate. Nine of Plaintiff's actions have been filed since he accrued three strikes. Furthermore, this filing includes graphic sexual content that is wholly inappropriate for inclusion in a complaint filed in federal court. At this point, it is apparent that the conventional aspects of the PLRA, including filing fees and strikes, are not sufficient to deter Plaintiff's litigation conduct, and thus the Court finds it appropriate to dismiss this case with prejudice as a sanction.

Additionally, Plaintiff should interpret this dismissal as a final warning. If Plaintiff continues to file frivolous pleadings in this Court, he will likely be subject to a filing ban, which would outright prevent him from initiating new actions in a district court. A filing ban could even restrain him from filing a §1983 suit if he faces imminent danger. See *Norfleet v. Baldwin*, 2021 WL 3869748 at * 1 (7th Cir. 2021) (granting an inmate's motion to modify his filing restriction to allow for filings if there is an allegation of imminent danger), *but see* *Stone v. Roseboom*, 803 Fed App'x 947 (7th Cir. 2020) (discussing a filing ban that did *not* contain an imminent danger exception).

If Plaintiff files any future cases and those cases are found to be frivolous or lack a showing of imminent danger, then Plaintiff may be subject to a filing restriction in this District.  **Plaintiff is required to disclose this Order with any future filings, and he must disclose his three strikes**.  Additionally, if Plaintiff continues to file frivolous motions to intervene in other civil cases, he may also be subject to a filing restriction.

The full filing fee of $405 attached at the time that Plaintiff filed this lawsuit, so he remains obligated to pay that fee.  See 28 U.S.C. § 1915(b)(1); *Pope v. William*, 2019 WL 11585361 (N.D. Ill. Sept. 25, 2019) (dismissing two cases as a sanction and finding that plaintiff was still obligated to pay the full filing fee).

## Disposition

**IT IS HEREBY ORDERED THAT** this case is dismissed with prejudice as a sanction for Plaintiff's continual litigation despite his 3 strikes, and because the complaint fails to state a claim.  Plaintiff's Motions for a Preliminary Injunction (Docs. 8, 9) are **DENIED** because Plaintiff has not established a valid basis for injunctive relief, his Motion to Proceed In Forma Pauperis (Doc. 7) is **DENIED** because he has not established imminent danger, and his Motion for Counsel (Doc. 5) is **DENIED** because he did not demonstrate efforts to seek his own counsel.  Plaintiff **must disclose this Order** with any future case that he files.

The Clerk of Court is **DIRECTED** to collect the $405 filing fee for this matter.  The Clerk of Court is also **DIRECTED** to enter judgment and to **CLOSE** this case.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  If Plaintiff

chooses to appeal, he will be liable for the $605.00 filing fee irrespective of the outcome of the appeal. *See* F‌ED. R. A‌PP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. F‌ED. R. A‌PP. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Dated: January 27, 2026

_____
DAVID W. DUGAN
United States District Judge